[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO OPEN (#118) AND OBJECTION #(119)
On February 23, 1996, plaintiffs, Robert H. Bayne, Jr. and the United States Automobile Association, filed a motion to open, reallocate and reenter a judgment on an attorney trial referee report accepted by the court on March 28, 1993, pursuant to General Statutes § 52-572h(g). The defendant, John Kwiatkowski, filed an objection to the motion on February 23, 1996.
The plaintiffs seek to reapportion a judgment of $3,611.57 entered against two defendants, John Kwiatkowski and Zyszard Zajchonski. The plaintiffs allege they conducted a diligent search and could not locate Zajchonski, who is liable for half of the judgment, $1,805.78. The plaintiffs claim Zajchonski has left the country and returned to Poland. The defendant Kwiatkowski argues the plaintiffs have not made a good faith effort to collect from Zajchonski because they have not pursued all the avenues available, and have not exhausted all efforts to locate him. The defendant Kwitakowski alleges the debt could be collected in Poland.
General Statutes § 52-572h(g) provides that, after "good faith efforts by the claimant to collect from a liable defendant . . . the court shall determine whether all or part of a defendant's proportionate share of the recoverable economic damages and recoverable noneconomic damages is uncollectible from that party, and shall reallocate such uncollectible amount among the other defendants."
The defendants provided an affidavit from Charles Sienkiwicz, of Bi-Tech, Inc., who conducted an investigation. The investigation included visiting Zajchonski's last known address, conducting a locator search and a phone search, and speaking with his relative, the area postal carrier, the manager of the home, the CT Page 2242 Division of Motor Vehicles, Connecticut Motor Vehicle Court, Zajchonski's insurance carrier, Zjchonski's place of employment, and New Britain City Hall. After the investigation Sienkiwicz concluded that Zajchonski no longer lives in the United States, probably live in Poland, and left no forwarding address.
The defendants argue that just because a debtor lives in a foreign land the judgment is not rendered uncollectible, that the investigator did not attempt to find Zajchonski's current address and did not depose the relative.
There is no Connecticut case law the addresses this issue. Enforcement of the judgment in Poland, while not impossible, would be difficult at best. In order to enforce a judgment in a foreign country, the plaintiff must file an action in the forum in which the defendant's assets are located, and request that the foreign court execute the judgment against the assets. Joachim Zekoll, "The Enforceability of American Money Judgments Abroad A Landmark Decision by the German Federal Court of Justice," 30 Colum. J. Transnat'l L. 641, 642 (1992). Most foreign courts then examine the procedural and substantive laws that formed the basis for the domestic judgment to determine whether they comport with the foreign country's notions of judicial fairness. Id. "Unlike other nations, however, the United States is not a member of any treaty or convention facilitating the recognition and enforcement of its judgments broad. U.S. substantive and procedural rules are perceived to differ from their foreign counterparts to such an extent that attempts to forge international accords thus far have not succeeded." Id., 642-43.
Attempting to collect the debt in Poland would be an onerous burden with dubious possibility of success. Accordingly, the plaintiffs made a good attempt to collect, and he court finds that the debt is uncollectible.
Therefore, the motion to reopen, reallocate and reenter is hereby denied.
KARAZIN, J